UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS f/k/a PATRICK MORIN, JOSEPH OLIVIERI as TRUSTEES OF THE EMPIRE STATE CARPENTERS WELFARE, PENSION, VACATION, ANNUITY, SCHOLARSHIP, APPRENTICE-TRAINING, LABOR-MANAGEMENT COOPERATION and CHARITABLE TRUST FUNDS,<br><br>                                    Plaintiffs,<br><br>-against-<br><br>PATRICK SHAUGHNESSY d/b/a SHAUGHNESSY FLOORING,<br><br>                                    Defendant. | 19-CV_____<br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a Patrick Morin, Joseph Olivieri as Trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds ("Plaintiffs" or the "Funds"), by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. On October 21, 2009, the Funds obtained a judgment against Patrick Shaughnessy d/b/a Shaughnessy Flooring ("Defendant") in the United States District Court for the Eastern District of New York in the amount of $40,464.17 (the "Judgment"). The Funds seek an order, pursuant to Section 5014 of the New York Civil Practice Law and Rules ("CPLR") to renew the Judgment for an additional ten years.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action as the Court has subject matter jurisdiction to enforce a judgment entered by the Court. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1391(b)(2) as the Judgment was entered in this judicial district and as the events underlying the Judgment occurred in this judicial district.

## THE PARTIES

4. The Funds are multiple labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act and Section 302(c) of the Labor Management Relations Action, 29 U.S.C. § 186(c). The Funds maintain a principal place of business and are administered at 270 Motor Parkway, Hauppauge, New York 11788.

5. Defendant is an individual who, upon information and belief, resides at 88 Redwood Drive, Rochester, New York 14617-4717.

## STATEMENT OF FACTS

6. Defendant was a signatory to, or otherwise bound by, a collective bargaining agreement under which he was required to remit benefit contributions to the Funds.

7. Defendant failed to remit all required benefit contributions to the Funds, and the Funds filed a lawsuit to recover the unpaid benefits and related amounts.

8. On October 21, 2009, the Funds obtained the Judgment against Defendant in the United States District Court for the Eastern District of New York in the amount of $40,464.17 (the "Judgment"). A copy of the Judgment is attached hereto as **Exhibit A**.

9. No part of the Judgment has been satisfied.

## **FIRST CLAIM FOR RELIEF**

10. CPLR § 5014 authorizes a judgment creditor to renew a judgment for an additional ten years, provided that the action to renew the judgment is commenced "during the year prior to the expiration of ten years since the first docketing of the judgment."

11. In accordance with CPLR § 5014, the Funds are bringing this action during the year prior to the expiration of ten years since the first docketing of the Judgment.

12. The Funds are entitled to a renewal judgment against Defendant in the amount of the full unsatisfied portion of the Judgment plus interest of 9% per annum running from the date of the docketing of the original judgment. *See Cadle Co. v. Biberai*, 307 A.D. 2d 889 (1st Dep't 2003).

**WHEREFORE**, the Funds respectfully request that the Court (i) enter an order awarding a renewal judgment against Defendant in the amount of $40,464.17 plus interest thereon at the rate of 9% per annum from October 21, 2009 and (ii) award the Funds such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 8, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/
Nicole Marimon
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK MORIN, JOSEPH OLIVIERI as Trustees of the EMPIRE STATE CARPENTERS WELFARE, PENSION, VACATION, ANNUITY, SCHOLARSHIP, APPRENTICE-TRAINING, LABOR-MANAGEMENT COOPERATION And CHARITABLE TRUST FUNDS<br><br>Plaintiffs,<br>v.<br><br>PATRICK SHAUGHNESSY d/b/a SHAUGHNESSY FLOORING<br><br>Defendant. | Case No. 2:09cv-0654 |

## JUDGMENT AND ORDER

Upon consideration of Plaintiffs' Motion for Default Judgment and the absence of exceptions thereto, and the entire record in this case, it appearing to the Court that Defendant, Patrick Shaughnessy d/b/a Shaughnessy Flooring ("Defendant"), has failed to plead or otherwise defend in this action, that default was entered against Defendant on INSERT, 2009, and that there is no just reason for delay, it is by the Court, this 21st day of October, 2009, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages in light of the declaration and documentary evidence submitted by plaintiffs,

ORDERED, that judgment by default is hereby entered in the above-captioned case in favor of Plaintiffs and against Defendant; and it is

FURTHER ORDERED, that, pursuant to 29 U.S.C. § 1132(g)(2), Defendant's collective bargaining agreements, and the Trust Agreements governing Plaintiffs, Defendant shall pay to Plaintiffs, and Plaintiffs are awarded, $40,464.17, consisting of the following:

   (a)   As to the Plaintiffs against the Defendant:

      (1)   delinquent contributions in the amount of $21,335.54,

1

(2) liquidated damages at the rate of 20% of the delinquent contributions in the amount of $4,267.11,

(3) interest in the amount of $11,525.12 at the Fund's prescribed rate,

(4) attorney's fees and costs incurred in this matter in the amount of $3,336.40, and it is

FURTHER ORDERED, that if Defendant fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Fed. R. Civ. P. 69, reopen this case upon motion to this Court and notice to the Defendant, and may, at that time, ask for further appropriate monetary and/or injunctive relief; and it is

FURTHER ORDERED, that Plaintiffs are awarded execution for the collection of the judgment and that this Court shall maintain jurisdiction of the case for the purpose of enforcing this Order. *The Clerk of the Court shall close the case.*

10/21/09
Date

United States District Judge
Central Islip, New York

215004

2